WALTZER, Judge.

STATEMENT OF THE CASE

This is an appeal from a jury verdict in the Civil District Court for the Parish of Orleans awarding damages in the amount of $46,600 to plaintiff/app ellant Gwendolyn Russell (Russell) as compensation for pain and suffering and mental anguish suffered by her mother, Virginia Wunstell, and damages suffered by Russell herself for loss of the love, affection and companionship caused by her mother’s premature death. Defendant/appellant/appellee, Norman Health Care Center (Norman) was found to have breached the standard of care imposed on a nursing home in its care of Ms. Wunstell, and this breach was found by the jury to have been a cause of the damages sustained by Ms. Wunstell and Russell.
Russell appeals the judgment on the jury’s verdict, assigning as error the allegedly unreasonably low amount of damages awarded for the survival and wrongful death actions. Norman appeals the judgment, assigning as error the trial court’s action in admitting allegedly inadmissible hearsay declarations and the jury’s allegedly excessive award.
We find no error in the actions of the trial court or jury below and affirm.

STATEMENT OF FACTS

According to her physician, in early 1987, Ms. Wunstell was very ill. She was diabetic and dependent upon insulin, with a history of tobacco usage of two packs of cigarettes per day, and suffered from arthrosclerosis, angina, aortic stenosis and organic brain syndrome with disorientation and ataxia. She had a history of dizziness dating from at the latest 1984, caused, in part, by transient is-chemic attacks and earotid artery disease. This latter condition caused her to lose her balance, black out and fall should she turn her head quickly.
From 20 February 1987 to 4 April 1987, while hospitalized at Touro Infirmary, Ms. Wunstell suffered three falls, despite the accessibility of a call button. Upon her release *74 from Touro, she lived for approximately one week in Russell’s home. When it became apparent that Russell was unable to care for her very ill mother, Ms. Wunstell was admitted to Norman Health Care Center at Russell’s request on 13 April 1987. At that time, Ms. Wunstell’s doctor testified she was in acute danger of death. Her doctors had prescribed, and Norman administered to her, insulin, pain medication, Aminvert, Haldol, Elavil and Librium. Because of the medications and Ms. Wunstell’s tendency to dizziness, Norman’s treatment nurse, Virginia Graves, cautioned Ms. Wunstell not to attempt to move by herself even with the assistance of a walker, and suggested restraints. Ms. Wunstell refused the restraints. Norman was unaware of the fact that Ms. Wuns-tell had fallen three times while previously hospitalized at Touro.
On the afternoon of 3 May 1987, at 1:00 p.m., Nurse Graves gave Ms. Wunstell her prescribed dosage of Librium. About 20 minutes later, Ms. Wunstell was discovered on the floor of her room, suffering from a broken hip. She was taken to the Tulane Medical Center for treatment. Because of her serious pre-existing medical condition, hip fixation or replacement could not be performed immediately, and Ms. Wunstell was given pain medication. On 9 May 1987, before she could become a medically acceptable candidate for hip surgery, Ms. Wunstell died.
The death certificate lists the immediate cause of Ms. Wunstell’s death as cardiac arrest, due to aortic stenosis as a consequence of atherosclerotic cardial vascular disease.
No claim was made for special damages and no proof thereof was offered.

NORMAN’S ASSIGNMENT OF ERROR: ADMISSION OF HEARSAY EVIDENCE AT TRIAL

Russell offered testimony that she, her husband and her sister observed Ms. Wunstell’s call button at Norman in positions that made it unavailable to Ms. Wunstell. There was also first-hand testimony that Norman personnel did not respond as quickly as Russell deemed appropriate to calls originating in Ms. Wunstell’s room. These three witnesses also offered hearsay testimony at trial that Ms. Wunstell had complained to them that just prior to the fall that resulted in her hip injury, Norman personnel did not heed her calls in a timely manner and did not place her call button in a convenient position.
Norman assigns as error the trial court’s action in allowing this hearsay testimony to be adduced in the presence of the jury.
Article 804B(6) defines as an exception to the hearsay rule:
“In a civil case, a statement not specifically covered by any of the foregoing exceptions if the court determines that considering all pertinent circumstances in the particular case the statement is trustworthy, and the proponent of the evidence has adduced or made a reasonable effort to adduce all other admissible evidence to establish the fact to which the proffered statement relates .... ”
In this case, the level of care and attention provided to Ms. Wunstell was corroborated by the first-hand testimony of Russell, her husband and her sister. Each testified that the call button was not located within Ms. Wunstell’s reach, and that when they pushed the button, there was not a timely response by either a nurse or an aide. We find no error in the trial court’s admitting the reported declarations of decedent to the same effect. See, State v. Gremillion, 542 So.2d 1074 (La.1989).

NORMAN’S ASSIGNMENTS OF ERROR: THE JURY ERRED IN FINDING THAT NORMAN FAILED TO MEET THE STANDARD OF CARE FOR A NURSING HOME AND THAT THIS FAILURE CAUSED THE DAMAGES OF WHICH RUSSELL COMPLAINS

Norman contends that because of the trial court’s admission of hearsay testimony, the jury verdict is not entitled to the benefit of the manifest error rule. In light of our finding that independent testimony was adduced upon which the trier of fact could make a determination that Ms. WunstelPs call button was out of reach both before and at the time of her fall, and that Norman personnel had a history of failing to reply to her calls in a timely manner, we find that this assignment of error is without merit.
*75 It is well settled that a court of appeal may not set aside a trial jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). In reviewing the factual findings of a trial court, an appellate court is limited to a determination of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). Applying the manifest error rule, we find no reason to set aside the jury’s verdict. The inference drawn from the eye-witness testimony of decedent’s daughters and son-in-law that Ms. Wunstell’s fall was caused by Norman’s negligence, and that this fall resulted in Ms. Wunstell’s suffering additional pain prior to her death, is within the sound discretion of the trier of fact. Likewise, the jury’s determination that Russell herself suffered damage as a result of the hip injury to her mother and its effect on Ms. Wunstell’s longevity will not be disturbed absent a showing of manifest error.

ASSIGNMENTS OF ERROR BY RUSSELL AND BY NORMAN SEEKING TO MODIFY THE JURY’S DAMAGE AWARD

Russell seeks to increase the jury’s award of damages, suggesting that it is unreasonably low. Norman seeks to decrease the jury’s award, suggesting it is unreasonably high.
Russell claims and offered proof only of general damages. In reviewing this jury’s award of general damages, we are guided by the Louisiana Supreme Court’s pronouncement in Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993):
“The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification or a generous or stingy award. Nevertheless, the theme that emerges from Gaspard v. LeMaire, 245 La. 239,158 So.2d 149 (1963) through Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976) and through Reck [v. Stevens, 373 So.2d 498 (La.1979) ] to the present case is that the discretion vested in the trier of fact is ‘great,’ and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.”
We find that the evidence supports the jury’s verdict of $46,600 in damages for the survival and wrongful death actions asserted by Russell. The jury was doubtless impressed by Russell’s devotion to her mother, as evidenced by her daily visits to the hospital and nursing home. The jury was clearly persuaded that despite Ms. Wunstell’s prior mental condition and level of sedation, and pre-existing medical infirmities, she nonetheless suffered additional pain during the six days between her hip injury and her death. These findings support the jury’s award of damages to Russell on her own behalf and on behalf of Ms. Wunstell. Likewise, it is clear that the jury, in making its award, considered Ms. Wunstell’s near-death condition pri- or to her final fall, her refusal of restraints, Norman’s admonitions to her concerning the danger inherent in her leaving her bed, and her level of consciousness during the last six days of her life. The fact findings and inferences inherent in the jury verdict are supported by the evidence and are not manifestly erroneous, and the amount awarded in damages neither exceeds nor is less than that which is appropriate given the great, even vast discretion of the trier of fact. Therefore, we affirm the judgment of the trial court in favor of Russell and against Norman in the amount of $46,600.

AFFIRMED.